UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
CASE NO.: 3:20cv5893 – MCR/HTC

DAVID POSCHMAN,

       Plaintiff,

v.

NEWMAN-DAILEY RESORT PROPERTIES, INC.

       Defendant.
_____/

### DEFENDANT'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, NEWMAN-DAILEY RESORT PROPERTIES, INC, ("Defendant"), pursuant to the Federal Rules of Civil Procedure hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint **[D.E. 1]** and states as follows:

### JURISDICTION

1. Defendant admits that pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has original jurisdiction over actions that arise from violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*. The remaining allegations of Paragraph 1 are denied and strict proof thereof is demanded.

### VENUE

2. Defendant admits the allegations of Paragraph 2 for venue purposes only. The remaining allegations of Paragraph 2 are denied and strict proof thereof is demanded.

### PARTIES

3. Defendant is without sufficient knowledge at this time to form a reasonable belief as to the allegations contained in Paragraph 3 and therefore denies same and demands strict proof

thereof.

4. Defendant admits that it operates the online reservation system for Beachside Inn found at www.destinbeachsideinn.com; however, Defendant denies the remaining allegations contained in Paragraph 4 and hereby demands strict proof thereof.

**CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA**

5. The allegations of Paragraph 5 consist of legal conclusions and Plaintiff's characterization of the law to which no response is required. To the extent a response is required Defendant denies the allegations asserted in Paragraph 5 and hereby demands strict proof.

6. The allegations of Paragraph 6 consist of legal conclusions and Plaintiff's characterization of the law to which no response is required. To the extent a response is required Defendant denies the allegations asserted in Paragraph 6 and hereby demands strict proof thereof.

7. The allegations of Paragraph 7, including subsections (i), (ii), (iii), (iv), and (v), consist of legal conclusions and Plaintiff's characterization of the law to which no response is required. To the extent a response is required Defendant denies the allegations asserted in Paragraph 7 and hereby demands strict proof thereof.

8. Defendant admits it maintains the Beachside Inn website. The remaining allegations of Paragraph 8 consist of legal conclusions and Plaintiff's characterization of the law to which no response is required. To the extent a response is required Defendant denies the allegations asserted in Paragraph 8 and hereby demands strict proof.

9. Defendant is without sufficient knowledge at this time to form a reasonable belief as to the allegations regarding Plaintiff's visit to the website and therefore, Defendant denies same and demands strict proof thereof. The remaining allegations of Paragraph 9 consist of legal conclusions and Plaintiff's characterization of the law to which no response is required. To the

extent a response is required Defendant denies the allegations asserted in Paragraph 9 and hereby demands strict proof thereof.

10. Defendant is without sufficient knowledge at this time to form a reasonable belief as to the allegations contained in Paragraph 10 and therefore denies same and demands strict proof thereof.

11. Defendant denies the allegations of Paragraph 11 and demands strict proof thereof.

12. Defendant denies the allegations of Paragraph 12 and demands strict proof thereof.

13. Defendant denies the allegations of Paragraph 13 and demands strict proof thereof.

14. Defendant is without sufficient knowledge at this time to form a reasonable belief as to the allegations regarding Plaintiff's retention of counsel and therefore, Defendant denies same and demands strict proof thereof. The remaining allegations of Paragraph 14 consist of legal conclusions and Plaintiff's characterization of the law to which no response is required. To the extent a response is required Defendant denies the allegations asserted in Paragraph 14 and hereby demands strict proof thereof.

15. Defendant admits that this Court has authority to rule upon Plaintiff's allegations pursuant to 42 U.S.C. §12188(a) for jurisdictional purposes only. However, Defendant denies the remaining allegations of Paragraph 15 and demands strict proof thereof[1].

Defendant denies the allegations and relief sought contained in the "WHEREFORE" Paragraph, including subparts, (a), (b), (c), and (d) of Plaintiff's Complaint and demands strict proof thereof.

---

[1] To the extent this Court deems necessary a response to Plaintiff's foot note, Defendant states that the allegations of footnote 2 consist of legal conclusions and Plaintiff's characterization of the law to which no response is required. To the extent a response is required Defendant denies the allegations asserted in footnote 2 and hereby demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. As its first affirmative defense, to the extent not specifically admitted above, Defendant denies all allegations contained in Plaintiff's Complaint, as they consist of legal conclusions unsupported by factual allegations.

2. As its second affirmative defense, Defendant assert Plaintiff has failed to state a claim for relief against the Defendant under any of the statutes forming the basis of his lawsuit, as Defendant maintains that the Plaintiff has failed to allege facts sufficient to constitute a claim against Defendant.

3. As its third affirmative defense Defendant maintains that this Honorable Court lacks jurisdiction to provide redress for Plaintiff's claim. The injunctive relief Plaintiff seeks cannot be ordered by this Court because the legal requirements and technical standards for an "accessible" website under the ADA have yet to be promulgated by the U.S. Department of Justice ("DOJ"), the agency that Congress has delated authority to enforce Title III of the ADA, and do not otherwise presently exist for websites owned, operated, and/or maintained by places of public accommodation as defined by Title III of the ADA.

4. As its fourth affirmative defense Defendant asserts that Plaintiff failed to establish that he has suffered an injury-in-fact, which must be both "particularized" and "concrete." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff's Complaint is devoid of any specific factual allegations establishing how he suffered an injury-in-fact such that he was affected in a personal and individual manner. Further, Plaintiff failed to establish that his injury was real and immediate as Plaintiff failed to attach to his Complaint any specific, concrete, or material plans that would apprise this

Honorable Court or Defendant when Plaintiff intended to use the website—denying standing to the Plaintiff. *See Lujan*, 504 U.S. 555 (holding that plaintiffs lacked standing because they failed to attach their plane tickets to the complaint indicating that they intended to return to the area upon which they sought relief from).

5. As its fifth affirmative defense, Defendant states that Plaintiff's claims are barred, in whole or in part, as neither the ADA, nor the regulations the DOJ has promulgated to date under the ADA, specifically address access to Websites. *See* ANPR (III)(B)(ii).

6. As its sixth affirmative defense, Defendant asserts that Plaintiff's claims are barred as the Defendant's website is not a public accommodation as that term is defined by 42 U.S.C. § 12182.

7. As its seventh affirmative defense, Defendant maintains that Plaintiff's claims are barred in whole or in part, as the Defendant is in the process of making alterations to the website in accordance with the ADA such that, to the maximum extent feasible, the website is or will be readily accessible to and usable by individuals with disabilities. Notwithstanding same, Defendant denies Plaintiff is an individual with a disability under the ADA.

8. As its eighth affirmative defense, Defendant asserts that, in the unlikely event that there is a finding that any actions taken by Defendant were motivated by retaliatory motive in their treatment of Plaintiff, the same actions would have nevertheless been taken for legitimate, non-retaliatory, and lawful reasons.

9. As its ninth affirmative defense, Defendant asserts that Plaintiff's claims are barred, in whole or in part, as Defendant made or was in the process of making, when the lawsuit was initiated, and/or was willing to make reasonable modifications to its Website, policies, practices and/or procedures to accommodate Plaintiff's alleged disabilities.

10. As its tenth affirmative defense, Defendant states that Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state and local public accommodation laws.

11. As its eleventh affirmative defense, Defendant asserts at all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

12. As its twelfth affirmative defense, Defendant asserts that any recovery on the Plaintiff's Complaint seeking injunctive and/or declaratory relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive and/or declaratory relief and has adequate remedies at law.

13. As its thirteenth affirmative defense, Defendant asserts that Plaintiff's claim for attorneys' fees, costs and litigation expenses is barred, in whole or in part, by the inability of the Defendant to readily achieve any remedy to Plaintiff's alleged barriers.

14. As its fourteenth affirmative defense, Defendant asserts that the Plaintiff's claim for attorneys' fees and costs are barred or limited by mootness and/or lack of subject matter jurisdiction to the extent that the website is in compliance with the ADA, comes into compliance with the applicable requirements of the ADA during the pendency of this litigation or prior to the Court granting Plaintiff's relief.

*Defendant reserves the right to raise additional affirmative defenses, or to file any applicable pleadings, as discovery may reveal necessary or appropriate.*

Dated: this 7th day of December, 2020.

                                              Respectfully submitted,

By:   */s/ Kielan Saborit*
STEPHANIE PIDERMANN, ESQ.
Florida Bar No: 60414
sp@lydeckerdiaz.com
KIELAN SABORIT, ESQ.
Florida Bar No: 1003527
ksm@lydeckerdiaz.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on December 7th, 2020. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

/s/ *Kielan Saborit*
Kielan Saborit, Esq.

## SERVICE LIST

**Drew M. Levitt, Esq**
**Lee D. Sarkin, Esq.**
4700 NW 2nd Ave Ste 302
Boca Raton, FL 33431
E: drewmlevitt@gmail.com
E: lsarkin@aol.com
Phone: (561) 994-6922
*Attorneys for Plaintiff*